IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carl Pearson | ) | |
| | ) | |
| | ) | NO: |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Complaint for Violation of Civil Rights and |
| | ) | Supplemental Claims |
| City of Chicago and Chicago Police Officers | ) | |
| Brian Kinnane, Star No.: 1120, Anthony | ) | |
| Babicz, Star No.: 12652, Justin Homer | ) | |
| Star No.: 10979, Stevan Vidljinovic, | ) | **Request for Jury Trial** |
| Star No.: 4051, Brian Doherty, Star No.: | ) | |
| 14725, Ignatius Goetz, Star No.: 18309, | ) | |
| Brian Herman, Star No.: 7401, Nancy | ) | |
| Abrahave, Star No.: 16579, Jeremy Carter, | ) | |
| Star No.: 4007, Mark Conlisk, Star No.: | ) | |
| 14578, and Martin Gadek, Star No.: 14224 | ) | |
| | ) | |
| Defendants. | ) | |

**JURISDICTION AND VENUE**

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.  At all times herein mentioned, Plaintiff CARL PEARSON (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned Defendants City of Chicago Police Officers Brian Kinnane, star no.: 1120; Anthony Babicz, star no.: 12652; Justin Homer, star no.: 10979; Stevan Vidljinovic, star no.: 4051; Brian Doherty, star no.: 14725; Ignatius Goetz, star no.: 18309, Brian Herman, star no.: 7401, Nancy Abraham, star no.: 16579; Jeremy Carter, star no.: 4007; Mark Conlisk, star no.: 14578; and Martin Gadek, star no.: 14224, were employed by the City of Chicago Police Department, and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

**FACTUAL ALLEGATIONS**

6. On or about May 9, 2016, at approximately 7:30 pm, Plaintiff was located in his residence at 529 N. Hamlin Ave. Chicago, Illinois.

7. There were three other adults who also lived at that residence.

8. At that date, time and place, defendants and each of them entered Plaintiff's residence with a search warrant. The defendants did not reasonably do an appropriate knock-notice before entering and they unreasonably searched Plaintiff's residence in that it was unnecessarily trashed.

9. Plaintiff is informed and believes that the Defendants alleged that they used a confidential informant to provide information to procure the warrant.

2

10. Plaintiff is informed and believes that the confidential informant is an individual who tried, but was unable to purchase a gun from the Plaintiff.

11. The information that the Defendants (the affiant for the search warrant) placed into the search warrant affidavit was reckless and/or knowingly false.

12. After the Defendants and each of them entered into Plaintiff's residence. They did not find any illegal contraband or other evidence.

13. After entering Plaintiff's residence the Defendants planted a gun and other contraband in Plaintiff's residence and falsely claimed that it belonged to Plaintiff.

14. Plaintiff was then arrested and falsely charged with certain crimes, including a UUW, possession of an illegal substance, and related crimes.

15. Upon being arrested and handcuffed, Defendants then proceeded to use and/or caused to be used excessive force upon the Plaintiff causing injury. Plaintiff was taken to the hospital.

16. There was no legal or probable cause to enter Plaintiff's residence and/or arrest Plaintiff for any crime.

17. There was no legal cause to use any force upon the Plaintiff.

18. Plaintiff was transported to the hospital and then to jail where he was imprisoned.

19. The Defendants and each of them caused Plaintiff to be charged and criminally prosecuted for certain crimes as alleged above. There was no probable cause to commence and/or continue the criminal prosecution of Plaintiff.

20. On or about October 30, 2017, Plaintiff was subjected to a trial and then found not guilty of all crimes charged against him.

21. Plaintiff remained in jail for roughly 17 months until his release.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great physical, mental and emotional pain and suffering all to his damage in an amount to be ascertained.

23. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST ALL DEFENDANTS FOR AN UNREASONABLE ENTRY INTO PLAINTIFF'S RESIDENCE**

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. The Defendants and each of them unlawfully procured a search warrant for Plaintiff and his residence, by either recklessly or knowingly using information that they knew or should have known to be false.

27. Based upon a search warrant affidavit that the Defendants knew or should have known to be false, the Defendants commenced to enter and search Plaintiff's residence without the

required knock-notice, without a lawful search warrant and conducted a search in an unreasonably destructive manner.

28. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff's rights in the following manner: the entry into and search of Plaintiff's residence and his person was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR AN UNREASONABLE SEIZURE

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

30. As alleged above, the Defendants planted evidence into Plaintiff's residence and thus caused his arrest. The evidence placed into Plaintiff's residence by Defendants included a firearm and narcotics.

31. Based upon the wrongful acts of planting evidence, the Defendants caused the arrest of Plaintiff.

32. By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments

to the Constitution of the United States and laws enacted thereunder. There was no legal cause to arrest the Plaintiff.

33. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff's rights in the following manner: the seizure and arrest of Plaintiff by defendants and each of them, was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE AND FAILURE TO PROTECT

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

35. During and immediately after Plaintiff's seizure, Defendants and each of them used excessive force against Plaintiff's person as described above.

36. There was no legal cause for Defendants to use force against Plaintiff.

37. Further, to the extent that any individual Defendant(s) did not use force against the Plaintiff, that Defendant failed to protect the Plaintiff from the excessive use of force, despite the reasonable ability to protect the Plaintiff from such force.

38. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

39. The physical violence inflicted upon Plaintiff, as well as the failure to protect the Plaintiff from the excessive use of force, was unnecessary, unreasonable, and excessive, and was

therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT IV
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR THE VIOLATION OF CIVIL RIGHTS FOR MALICIOUS PROSECUTION

40. Plaintiff incorporates and realleges paragraphs one (1) through twenty four (24) hereat as though fully set forth at this place.

41. Defendants and each of them and other unknown defendants or other police officer(s) caused a criminal prosecution to commence and/or continue against Plaintiff.

42. The Defendant police officers, employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

43. Plaintiff was also injured in that he lost certain constitutionally protected due process and liberty rights.

44. The Defendants and each of them initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, coercing false criminal complaints, ignoring exculpatory evidence and/or by preparing false witness statements.

45. The criminal proceedings were terminated in the plaintiff's favor on or about October 30, 2017.

46. Therefore, the Defendants deprived Plaintiff of certain constitutional rights pursuant to the 14th Amendment to the United States Constitution, and each of them are liable under 42 U.S.C. section 1983 for the Malicious Prosecution of Plaintiff.

### COUNT V
### PLAINTIFF AGAINST DEFENDANT THE CITY OF CHICAGO FOR THE SUPPLEMENTAL STATE LAW CLAIM FOR MALICIOUS PROSECUTION

47. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

48. Defendants and each of them caused a criminal prosecution to commence and/or continue against Plaintiff.

49. These persons, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

50. These police officers initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, coercing false criminal complaints, ignoring exculpatory evidence and/or by preparing false witness statements.

51. The criminal proceedings were terminated in the plaintiff's favor on or about October 30, 2017.

52. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

53. Therefore, the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    <u>s/Edward M. Fox</u>
                ED FOX & ASSOCIATES
                Attorneys for Plaintiff
                300 West Adams
                Suite 330
                Chicago, Illinois 60606
                (312) 345-8877
                efox@efox-law.com